NOT DESIGNATED FOR PUBLICATION

No. 116,274

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHAN DANIEL VOSS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed April 7, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Nathan Daniel Voss appeals the district court's imposition of a 120-day prison sanction after it found him to be in violation of the conditions of his probation. We granted Voss' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). Finding no abuse of discretion, we affirm.

Voss pled no contest to one count of aggravated battery and one count of endangering a child and, on February 10, 2015, was sentenced to 24 months' probation with an underlying 12 months' imprisonment.

1

On April 4, 2016, the State filed a motion to revoke Voss' probation for (1) failing to remain crime free; (2) failing to report law enforcement contact within 24 hours; (3) failing to report as directed; (4) failing to remain drug free; (4) failing to remain alcohol free; (5) failing to successfully complete drug treatment; and (6) failing to report a change of address. At the show cause hearing, Voss stipulated to being discharged unsuccessfully from his drug treatment program. After hearing evidence, the district court found Voss had violated the remaining conditions of probation as alleged by the State. Rather than revoking Voss' probation, the district court ordered Voss to serve a 120-day prison sanction and extended his probation for 18 months from the date of the hearing. Voss argues before us that the district court abused its discretion with this order.

Kansas courts grant probation "'as a privilege and not as a matter of right. . . . [T]he probationer is entitled to retain his or her liberty [only] as long as he or she abides by the conditions on which probation is granted.'" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006) (quoting *State v. Lumley*, 267 Kan. 4, 8, 977 P.2d 914 [1999]). Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Voss bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Specifically, Voss appears to argue that the district court abused its discretion when it ordered him to serve a 120-day prison sanction before extending his probation for 18 months, asserting that the court was not statutorily allowed to impose this sanction prior to reinstating and extending his probation.

K.S.A. 2016 Supp. 22-3716(c) requires a district court to impose graduated intermediate sanctions before remanding a probationer to serve the balance of his or her term in prison. Before the court may impose a 120-day prison sanction, it is first required to impose a shorter jail sanction of 2 or 3 days. K.S.A. 2016 Supp. 22-3716(c)(1)(C). Likewise, it is only after the 120-day prison sanction has been imposed that a district court is allowed to remand a probationer to serve the balance of his or her prison sentence. K.S.A. 2016 Supp. 22-3716(c)(1)(E). However, K.S.A. 2016 Supp. 22-3716(c)(8) allows the district court to wholly bypass the intermediate sanctions provisions of the statute if the defendant commits a new felony or misdemeanor while on probation or absconds.

After hearing evidence, the district court found that Voss had committed a misdemeanor while on probation, and Voss does not dispute this finding on appeal. Accordingly, the district court did not abuse its discretion as it was entitled to bypass the statutory requirement for intermediate sanctions and impose Voss' underlying prison sentence. Instead, the district court gave Voss a lesser sanction. Such grace is not unreasonable, and Voss makes no showing that a reasonable person could not have acted as the district judge did here.

Affirmed.